IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| W&L VENTURES, INC., § | |
| TEXAS 1ST PRIORITIES, INC., § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-13-00754 |
| § | |
| EAST WEST BANK, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND OPINION**

This is a wrongful foreclosure case. In February 2013, the plaintiffs, W&L Ventures, Inc. (WLV) and Texas 1st Priorities (TFP), sued East West Bank, seeking damages and a declaratory judgment that the Bank's foreclosure sale of a tract of land and its subsequent purchase by Perry Homes, LLC for $1.7 million was void. In March 2013, East West Bank removed on the basis of diversity jurisdiction. (Docket Entry No. 1). Following removal, the plaintiffs moved to amend the complaint to add Perry Homes as a defendant. Because Perry Homes is a Texas citizen and adding it as a defendant would destroy federal diversity jurisdiction, the plaintiffs also moved to remand. (Docket Entries Nos. 4, 5). The court held a hearing at which counsel presented oral argument on the motions.

After thoroughly considering the state-court petition; the motions, response, reply, and surreply; counsel's oral arguments; and the governing law, the court denies both motions, for the reasons explained below. A separate Memorandum and Opinion will address East West Bank's motion to dismiss and for partial summary judgment.

**I.     Background**

On February 8, 2013, WLV and TFP filed a state-court petition against East West Bank challenging its foreclosure sale of real property in Fort Bend County, Texas. (Docket Entry No. 1-2). The state–court petition alleged that the property at issue initially consisted of three tracts owned by GBI Group LLC: the 112-acre Riverstone Tract; the 315-acre Beasley Tract; and a 33-acre Tract. (*Id.* ¶¶ 6–7).[1] East West Bank held senior liens on all the Tracts. The Bank's liens were cross-collateralized, allowing it to foreclose on all the loans if the borrower defaulted on any of them.

WLV and TFP had provided GBI short-term financing. WLV had a second lien on the Beasley Tract, and TFP had a third lien on that same Tract. (*Id.* ¶ 7).

In 2011, GBI filed for bankruptcy. (*Id.* ¶ 6). The plaintiffs and East West Bank appeared as creditors in the bankruptcy. After the Bankruptcy Court lifted the stay, the Bank filed its foreclosure notice for the Riverstone Tract on December 11, 2012. On January 1, 2013, East West Bank foreclosed on the Riverstone Tract and sold it to Perry Homes, LLC for $1.7 million. (*Id.* ¶ 7).

In the state-court petition, the plaintiffs alleged that "prior to January 1, 2013, [East West] Bank expressly represented to a representative of the [p]laintiffs that it would *not* sell the Riverstone Tract without also selling the Beasley Tract and [the] other 33 acre tract, that the Bank intended to only sell all of such property in bulk at any foreclosure or subsequent sale, and that [p]laintiffs would be allowed to make an offer to purchase the Riverstone Tract, the Beasley

---

[1] In its motion to dismiss and for partial summary judgment, East West Bank argues that there were two Riverstone Tracts. The first Riverstone Tract originally had 178 lots, but at the time of the bankruptcy, only 44 remained, and all were sold during the bankruptcy proceedings through court order. The only Riverstone Tract remaining at the time of the foreclosure was the 33-acre Riverstone Two Tract. The Bank argues that the references to the "Riverstone Tract" are properly references to the 33-acre "Riverstone Two" Tract. (Docket Entry No. 20 at 4-5).

Tract, and the other 33 acre tract." (*Id.* ¶ 15). The Bank allegedly stated that it would not split up the three parcels, which were "cross-collateralized under the same loan documents originating from United Commercial Bank." *Id.*

The plaintiffs alleged that they relied on East West Bank's representations to their detriment and did not bid at the foreclosure sale of the Riverstone Tract. (*Id.* ¶ 16). The plaintiffs claimed that had they been able to bid at the foreclosure sale, they would have purchased that Tract for more than the "grossly inadequate" $1.7 million that Perry Homes paid. (*Id.*).

In the state-court petition, the plaintiffs asserted claims for fraud, negligent misrepresentations, wrongful foreclosure, and estoppel. These claims are based on the allegation that East West Bank misrepresented that it would not sell the Riverstone Tract without selling the other two tracts as well. (*Id.* ¶¶ 21–24). The plaintiffs sought actual and consequential damages, statutory damages, and "equitable relief as described" in the petition. This includes a declaratory judgment that the plaintiffs have a legal or equitable interest in all three tracts, the sale was void, and East West Bank violated the Texas Property Code. (*Id.* ¶¶ 17–20).

East West Bank timely removed based on federal diversity jurisdiction. (Docket Entry No. 1). The plaintiffs moved to add Perry Homes, the purchaser of the Riverstone Tract, and to remand for lack of diversity. (Docket Entry Nos. 4, 5).

## II. The Legal Standard for Adding Nondiverse Parties

"A court must scrutinize an amendment that would add a non-diverse party more closely than an ordinary amendment under Rule 15(a)." *Short v. Ford Motor Co.*, 21 F.3d 1107 (5th Cir. 1994) (unpublished) (per curiam) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987)). "A motion for leave to amend to add a nondiverse party whose inclusion would destroy

diversity and divest the court of jurisdiction is governed by 28 U.S.C. § 1447(e)[.]" *Gallegos v. Safeco Ins. Co. of Ind.*, H-09-2777, 2009 WL 4730570, at *2 (S.D. Tex. Dec. 7, 2007) (quotation and citations omitted). "Under 27 U.S.C. § 1447(e), '[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder or permit joinder and remand the action to state court.'" *Id.*

To determine whether to permit joinder of a nondiverse party, the district court must balance the equities using the four factors set out in *Hensgens v. Deere & Co.*, 833 F.2d at 1182. Those factors are:

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction;
>
> (2) whether the plaintiff has been dilatory in asking for the amendment;
>
> (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and
>
> (4) any other equitable factors.

*Id.* at 1182; *see also Moore v. Manns,* 732 F.3d 454, 456 (5th Cir. 2013) (citing *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013) (noting that *Hensgens* is the "correct legal standard" to apply in determining whether joinder of nondiverse parties should be permitted after removal)).

**III.   Analysis**

The first *Hensgens* factor weighs in favor of denying the plaintiffs' motion for leave to amend to add Perry Homes as a defendant. "'When courts analyze the first *Hensgens* factor, they consider whether the plaintiffs knew or should have known the identity of the nondiverse defendant when the state court complaint was filed.'" *Priester v. Long Beach Mortg. Co.*, No. 4:10-cv-641, 2011 WL 6116481, at *2 (E.D. Tex. Dec. 8, 2011) (quoting *Tomlinson v. Allstate*

*Indem. Co.*, No. Civ. A. 06-0617, 2006 WL 1331541, at *3 (E.D. La. May 12, 2006); *Irigoyen v. State Farm Lloyds*, No. 03-0324, 2004 WL 398553, at *3 (S.D. Tex. Jan. 5, 2004)), *aff'd* 708 F.3d 667, 679 (5th Cir. 2013). The plaintiffs concede that they knew about Perry Homes's purchase at the foreclosure sale and the price it paid before filing the state-court petition.

The plaintiffs explain that they delayed in suing Perry Homes because when they filed suit, they were negotiating with Perry Homes to purchase the Riverstone Tract and did not want to destroy the good will needed for that negotiation. The plaintiffs sued East West Bank. The negotiations with Perry Homes quickly proved unsuccessful. (Docket Entry No. 26. at 5). The plaintiffs delayed another month after that before seeking to add Perry Homes as a defendant. The plaintiffs explain that they delayed because it was "procedurally easier" to add Perry Homes after East West Bank had answered the state-court petition. (*Id.*).

Even assuming that efforts to negotiate provide a credible basis to find that the failure to include Perry Homes as a defendant in the initial suit was not intended to prevent removal, the subsequent delay supports a different result. Once the negotiations with Perry Homes broke down, the plaintiffs still did not add Perry Homes as a defendant. Instead, they waited until right after the case was removed. Three days after removal, the plaintiffs moved to add Perry Homes and to remand on the basis that this destroyed diversity jurisdiction. The timing supports the conclusion that the plaintiffs moved to add Perry Homes in order to achieve remand. "If a plaintiff moves to amend to add a nondiverse defendant shortly after removal, some courts view that as evidence of a purpose to defeat federal diversity jurisdiction." *Gallegos*, 2009 WL 4730570, at *4 (citing *Karr v. Brice Bldg. Co.*, No. 08-1984, 2009 WL 1458043, at *4 (E.D. La. May 22, 2009)). Filing the motion to amend and to remand three days after removal is consistent with finding that adding Perry Homes was intended to defeat federal jurisdiction. *See id.* (citing

*Rosa v. Aqualine Res., Inc.*, No. Civ. A. 3:04-cv-0915-B, 2004 WL 2479900, at *2 (N.D. Tex. Oct. 28, 2004)).

The plaintiffs' explanation for their delay in adding Perry Homes until the case was removed does not lead to a different conclusion. There is no apparent procedural advantage in waiting for the existing defendant to answer before adding another defendant. And when the plaintiffs did move for leave to add Perry Homes as a defendant, the existing defendant, East West Bank, still had not answered. The timing of the motion to amend to name Perry Homes until the case was removed weighs in favor of denying leave to amend.

Courts also look to whether a plaintiff's amended pleading would state a valid claim against the proposed added defendant. *Id.* at *4 (citing *Karr*, 2009 WL 1458043, at *3; *Schindler v. Charles Schwab & Co.*, No. Civ. A. 05-0082, 2005 WL 1155862, at *3 (E.D. La. May 12, 2005)). In this case, the proposed amended complaint does not assert causes of action against Perry Homes. One sentence is added to the state-court petition, stating that Perry Homes is a party. But no causes of action are alleged against Perry Homes. The proposed amended complaint alleges that the "Bank made material representations to the Plaintiffs"; the "Bank's negligent misrepresentations proximately caused the Plaintiff's injury"; and the "Bank's promises made induced action or forbearance in reliance on the promises by the Plaintiffs." The proposed amended complaint seeks a declaratory judgment "that any subsequent sale or transfer of the Riverstone Tract or any interest therein by Defendant Perry Homes . . . is invalid, null, and void *ab initio*." That request is not a claim against Perry Homes but instead a remedy if the plaintiffs recover on the claims they assert against East West Bank. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996) (noting that the

Texas Declaratory Judgment Act is remedial only and 'does not create any substantive rights or causes of action."). There is no claim asserted against the proposed added defendant.

The various aspects of the first *Hensgens* factor weigh in favor of denying the plaintiffs' motion for leave to amend.

The second *Hensgens* factor, whether the plaintiffs were dilatory in seeking to amend, is neutral. "Although courts generally find that a plaintiff 'is not dilatory in seeking to amend a complaint when no trial or pretrial dates were scheduled and no significant activity beyond the pleading stage has occurred,' the analysis is different when the proposed amendment is to add nondiverse defendants shortly after removal based on federal diversity jurisdiction." *Multi-Shot, LLC v. B&T Rentals, Inc.*, H-09-3283, 2010 WL 376373, at * 9 (S.D. Tex. Jan. 26, 2010) (internal citation omitted) (quoting *Smith v. Robin Am., Inc.*, No. 08-3565, 2009 WL 2485589, at *6 (S.D. Tex. Aug. 7, 2009)). "In such a circumstance, '[a] delay of two months after the filing of the original complaint or almost thirty days after the notice of removal has been found dilatory.'" *Id.* (quoting *Irigoyen*, 2004 WL 398553, at *4).

In this case, the original petition was filed on February 8, 2013, East West Bank removed on March 17, 2013, and the motion to amend was filed on March 20, 2013. Filing the motion a little over a month after the petition was filed and three days after it was removed would not be dilatory in any other context, and usually not here. *See Schindler v. Charles Schwab & Co.*, No. 05-0082, 2005 WL 1155862, at *4 (E.D. La. May 12, 2005) (holding that the plaintiff was not dilatory when she filed the motion to amend a month and a half after she filed her state court petition and less than 30 days after removal to federal court); *Holcomb v. Brience, Inc.*, No. 01-1715, 2001 WL 1480756, at *2 (N.D. Tex. Nov. 20, 2001) (amendment two months and one week after state court filing and one month and one week after removal held not dilatory). In

7

this case, however, the stated reason for delaying in adding Perry Homes as a defendant—preserving good will during negotiations—had disappeared a month before the plaintiffs sought to add Perry Homes as a defendant. That delay makes this factor neutral.

The third *Hensgens* factor — whether WLV and TFP will be significantly injured if the amendment is not allowed — weighs in favor of denying the motion to amend. WLV and TFP are seeking a declaratory judgment that the Bank's foreclosure sale of property on which it held a secured primary lien, and on which the plaintiffs had no lien, to an unrelated third party, was void. The only basis for the plaintiffs' claim of an interest in the Riverstone Tract property (whether it is the Riverstone One Tract or the 33-acre Riverstone Two Tract) is that the Bank also held the senior lien on other property (the Beasley Tract) on which the plaintiffs held a second and third lien. The plaintiffs allege that the Bank misrepresented that the tracts would be sold together and that the plaintiffs would "be allowed to make an offer" on the Tracts before sale. At bottom, the plaintiffs seek to void a foreclosure sale between a senior lienholder and a third party because the senior lienholder represented that all three Tracts would be sold together and that plaintiffs would have an opportunity to bid.

The plaintiffs' theory of recovery against Perry Homes, and their explanation of how they will be prejudiced if Perry Homes is not a defendant, is neither pleaded nor clearly set forth in the briefs. As noted, the proposed amended complaint does not allege causes of action against Perry Homes. The only relief that mentions Perry Homes is for a declaratory judgment that the sale to Perry Homes was void. This is a remedy for the claims asserted against East West Bank, not a claim or basis for relief against Perry Homes. As a remedial measure, the Texas Declaratory Judgment Act "'does not create any substantive rights or causes of action.'" *Sid Richardson,* 99 F.3d at 752 n.3. For example, a "petition that state[s] two independent causes of

action for breach of contract and declaratory judgment" in fact asserts a claim for a declaratory judgment as only "a theory of recovery" for breach of contract. *Id.* In such a case, the Fifth Circuit "construes the request for declaratory judgment as a theory of recovery predicated upon the cause of action for breach of contract." *Id.*

The causes of action asserted against East West Bank are wrongful foreclosure, fraudulent and negligent misrepresentation, and promissory estoppel. The plaintiffs argue that if they succeed on their wrongful foreclosure claim against East West Bank, they will be entitled to a declaratory judgment that the foreclosure sale is void, and that this judgment would be unenforceable unless Perry Homes is a party defendant. The plaintiffs, however, have not explained how they could enforce such a judgment against Perry Homes or how they have standing to pursue a remedy for wrongful foreclosure against Perry Homes. The Texas Supreme Court has stated that the proper remedy for an unsatisfied junior lienholder in foreclosed property is not to sue the bona fide third party that purchased the property at the foreclosure sale, but to seek a money judgment against the debtor for the unpaid lien on the foreclosed property. *See Diversified Mortg. Investors v. Lloyd D. Blaylock Gen. Contractor, Inc.* 576 S.W.2d 794, 797 (Tex. 1978). The plaintiffs have conceded that East West Bank can satisfy any damages judgment the plaintiffs may recover for the loss of the opportunity to bid at the foreclosure sale.

The court's separate Memorandum and Opinion addressing East West Bank's Motion to Dismiss and for Partial Summary Judgment analyzes the plaintiffs' ability to pursue the claims they assert against the Bank and finds no basis to pursue the wrongful foreclosure claim. It is clear that the plaintiffs have not asserted claims against Perry Homes. The plaintiffs have identified no precedent supporting the argument that a mortgage lender's oral statements that the plaintiffs would be able to bid at a foreclosure sale allows the plaintiffs to have the bona fide sale

to the third-party purchaser declared void. There is no basis to conclude that the plaintiffs will be substantially prejudiced if their motion to amend to add Perry Homes is denied.

The fourth *Hensgens* factor requires the court to analyze other equitable factors. Equitable factors traditionally include whether granting leave to amend would deprive a defendant of a properly invoked federal forum and whether denying leave to amend would result in parallel state-court proceedings. *Gallegos*, 2009 WL 4730570, at *5. The court has considered and found unpersuasive the plaintiffs' equitable arguments for granting leave to amend. East West Bank has properly invoked a federal forum. There is no basis to find that denying leave to amend would lead to parallel state court proceedings at this time.

Because the court finds and concludes that the plaintiffs seek to add Perry Homes to destroy federal subject-matter jurisdiction and that the plaintiffs would not be substantially prejudiced if Perry Homes is not a defendant, the motion to amend the complaint to add a nondiverse party is denied. (Docket Entry No. 4). The court also denies the plaintiffs' motion to remand. (Docket Entry No 4).

**V.   Conclusion**

The plaintiffs' motions to amend the pleadings (Docket Entry No. 4) and to remand (Docket Entry No. 5) are denied.

SIGNED on March 26, 2014, at Houston, Texas.

*Lee H. Rosenthal*

_____

Lee H. Rosenthal
United States District Judge