IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| W&L VENTURES, INC., | § | |
| TEXAS 1ST PRIORITIES, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-00754 |
| | § | |
| EAST WEST BANK, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

The issues in this dispute over land sold at foreclosure appear to have been resolved except for the defendant's motion asking the court to expunge the notice of lis pendens the plaintiffs placed on the land. In prior rulings, the court held that the purchaser at the foreclosure sale would not be added as a party; dismissed the wrongful foreclosure claims, the fraudulent misrepresentation claim, and the "declaratory judgment act claim"; and held that there was no basis for the remedies sought for negligent misrepresentation and promissory estoppel (and the parties have agreed to dismiss these claims, with prejudice). Because there is no valid real property claim remaining, and because the plaintiffs cannot establish by a preponderance of the evidence the probable validity of the real property claim they asserted, Texas law—Section 12.0071(c)(1) and (2) of the Texas Property Code—entitles the defendant to have the notice of *lis pendens* expunged. The motion to expunge, (Docket Entry No. 38), is granted, for the reasons explained briefly below. No later than **August 15, 2014**, the parties are to submit a proposed form of final judgment or a statement identifying any remaining issues and what is required to resolve them.

**I.     Background**

The plaintiffs, W&L Ventures, Inc. (WLV) and Texas 1st Priorities (TFP), (together, the "plaintiffs"), held junior liens in certain land tracts of GBI Group LL, a real-estate developer that declared bankruptcy in April 2011.  The defendant, East West Bank, was the senior lienholder in those tracts and in the tract that is primarily at issue in this case.  The plaintiffs alleged that East West Bank represented that they would have an opportunity to purchase the primary tract and that all the tracts would be sold together.  The plaintiffs alleged that based on this representation, they did not appear at the foreclosure sale.  East West Bank sold the primary tract at foreclosure.  The plaintiffs alleged that they did not have an opportunity to bid and that the amount paid was inadequate.  The plaintiffs sought damages for fraudulent and negligent misrepresentation and promissory estoppel and a declaratory judgment that the Bank's foreclosure sale of land was void.  The court granted East West's motion to dismiss the wrongful foreclosure, fraudulent misrepresentation, and "declaratory judgment act" claims, with prejudice and without leave to amend.  The court also denied the plaintiffs' motions to add a new defendant, the entity that purchased the property at foreclosure, and to remand because adding that defendant would destroy diversity jurisdiction.

The plaintiffs also filed a notice of *lis pendens* on three tracts of land: the Riverstone One Tract (originally consisting of 178 lots, of which 44 remained when GBI filed for bankruptcy, all of which were sold in the bankruptcy); the Riverstone Two Tract (of which 33 acres remained at the time of foreclosure); and the 315-acre Beasley Tract.   East West Bank asks this court to order the expungement of the *lis pendens*.

The parties agree that the governing law is Section 12.0071 of the Texas Property Code.  Section 12.0071(c) states that the court "shall order the notice of *lis pendens* expunged if the court

determines that: (1) the pleading on which the notice is based does not contain a real property claim [or] (2) the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim[.]" *Id*. at 12.0071(c)(1), (2).

The Bank is correct that as a result of the court's rulings, there is no real property claim remaining in this case. Texas law is clear that a claim for damages alone does not support a *lis pendens*. *See Flores v. Haberman*, 915 S.W.2d 477, 478 (Tex. 1995) (per curiam); *Countrywide Home Loans, Inc. v. Howard*, 240 S.W.3d 1, 4 (Tex. App. —Austin 2007, pet. den.). The dismissal with prejudice of the plaintiffs' real property claims that could support a *lis pendens* supports expungement.

The motion for expungement is also supported under section 12.0071(c)(2) of the Texas Property Code. The court dismissed with prejudice the plaintiffs' claims for wrongful foreclosure of the Riverstone and Beasley Tracts, for fraudulent misrepresentation, and for related rulings under the Texas Declaratory Judgment Act. The plaintiffs agreed to dismiss with prejudice their claims for promissory estoppel and negligent misrepresentation (which are damages claims that would not support a *lis pendens*). The plaintiffs have failed to establish, by a preponderance of the evidence, the probable validity of the real property claims they asserted. Expungement is appropriate under Section 12.0071(c)(2) as well. The plaintiffs argue, but do not provide a sufficient basis for the court to conclude, that expungement requires the court's rejection of the property claims to be based on weighing the evidence, such as in a trial. (Docket Entry No. 39). A dismissal with prejudice suffices as a ruling that there is no real property claim or that the plaintiffs cannot establish the probable validity of such a claim.

East West Bank's motion to expunge the *lis pendens* is granted. To obtain the expungement, East West Bank must comply with the Texas Property Code procedures for doing so; this court's

order does not itself expunge the lien.  *See Naddour v. Nationstar Mrtg., LLC*, No. 3:11-CV-1096-B (JJB), 2012 WL 4473127, at *7 (N.D. Tex. Sept. 27, 2012).  By granting the motion, this court determines that the *lis pendens* should be expunged.

An order granting the motion to expunge is separately entered.  A copy of that order is to be filed with the Official Public Records of Fort Bend County, Texas.  No later than **August 15, 2014**, the parties are to submit a proposed form of final judgment or a statement identifying any remaining issues and what is required to resolve them.

        SIGNED on August 1, 2014, at Houston, Texas.

                                            Lee H. Rosenthal
                                            United States District Judge